UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
HELEN GESLAK,

          Plaintiff,

                                                **MEMORANDUM & ORDER**
     -against-                                       06-CV-251 (NGG) (AKT)

SUFFOLK COUNTY, SHERIFF ALFRED C. TISCH, in
his Official Capacity, and THOMAS MURPHY,

          Defendants.
----------------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

        Plaintiff Helen Geslak ("Plaintiff") was a corrections officer employed by Defendant Suffolk County ("County") and supervised by Defendants Sheriff Alfred C. Tisch ("Tisch") and Thomas Murphy ("Murphy" and, collectively with Tisch and County, "Defendants"). Plaintiff brings suit against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), and New York Executive Law ("Exec. Law") § 296, and claiming breach of a consent decree issued in the case of Bellows v. Suffolk County, No. 80-CV-2643 (JBW) (E.D.N.Y. 1980). On December 21, 2007, the court issued a Memorandum and Order ("M & O") granting summary judgment to all Defendants on Plaintiff's claims under Title VII and § 1983 and to Defendant County on Plaintiff's claims under Exec. Law § 296, in all cases on the basis that Plaintiff's claims were not timely filed. (M & O ("Dec. 21 Order") at 14 (Docket Entry # 46).) Both Plaintiff and Defendants have now moved under Eastern District of New York Local Civil Rule 6.3 ("Rule 6.3") for reconsideration of the Dec. 21 Order. (See Plaintiff's Memorandum of Law in Support of Motion to Reargue ("Pl. Mem.") (Docket Entry # 47); Defendant's Memorandum of Law in Support of Motion for Reconsideration ("Def. Mem.")

(Docket Entry # 52).) For the reasons stated below, the Dec. 21 Order is VACATED to the extent that Defendant County was granted summary judgment on Plaintiff's claim under Exec. Law § 296. See Wiesner v. 321 W. 16th St. Assocs., No. 00-CV-1423 (RWS), 2000 WL 1585680, at *3 (S.D.N.Y. Oct. 25, 2000) (setting forth the court's options upon receipt of a motion for reconsideration). Therefore, Plaintiff may proceed against all Defendants for violations of Exec. Law § 296 and of the Bellows consent decree.

## I.   STANDARD OF REVIEW

Rule 6.3 provides that a party seeking reconsideration of a court order determining a motion must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." "Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Wiesner, 2000 WL 1585680 at *3.

## II.  DISCUSSION

Familiarity with the factual background set forth in the Dec. 21 Order is assumed.

### A.   Plaintiff's Claim Under Exec. Law § 296

#### 1.   Plaintiff's Motion for Reconsideration

In the Dec. 21 Order, the court dismissed Plaintiff's claim under Exec. Law § 296 against County because County did not file a notice of claim, as required by New York General Municipal Law § 50e, which is made applicable to County by New York County Law § 52. The court stated in the Dec. 21 Order that "Plaintiff does not allege, and there is nothing in the record to suggest, that Plaintiff complied with New York State's notice-of-claim requirements with regard to Defendant County." (Dec. 21 Order at 11.)

In Plaintiff's motion for reconsideration, Plaintiff argued that her notice of claim was in fact part of the record. (Pl. Mem. at 2-3.) After reviewing the record, the court has discovered that Plaintiff's notice of claim, filed January 24, 2003, was placed into the record by Defendants and that Defendants referred to it in their reply memorandum. (Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Docket Entry # 45) at 3; Defendants' Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, Exhibit D.) Therefore, the Dec. 21 Order is VACATED to the extent that it dismissed Plaintiff's claim under Exec. Law § 296 against County for failure to file a notice of claim.

2. Defendants' Motion for Reconsideration

Defendants claim in their motion for reconsideration that Plaintiff's claim under Exec. Law § 296 is untimely with respect to all Defendants, not just County, and that the court incorrectly interpreted New York law when it found that Plaintiff's claim under Exec. Law § 296 against Murphy and Tisch was timely. (Def. Mem. at 1-4.) In order to respond to Defendants' arguments, it is necessary first to review the statutes of limitations applicable to claims for violations of Exec. Law § 296.

Any person alleging a violation of Exec. Law § 296(1)(a) (barring discriminatory employment practices) or § 296(1)(e) (barring retaliation against persons complaining of discriminatory practices) may bring an administrative complaint before the New York State Division of Human Rights ("NYDHR") under Exec. Law § 297(1). See Freudenthal v. County of Nassau, 99 N.Y.2d 285, 289-90 (2003). Any such administrative complaint must be brought "within one year after the alleged unlawful discriminatory practice." Exec. Law § 297(5).

Under Exec. Law § 297(9), however, such person also has a "cause of action in any court of appropriate jurisdiction for damages," which cause of action is generally subject to the three-year statute of limitations set forth in New York Civil Practice Law and Rules 214(2). See Murphy v. Am. Home Prods., 58 N.Y.2d 293, 307 (1983). This three-year limitations period is shortened to one year and ninety days in the case of a claim alleged to have been caused by any "misfeasance, omission of duty, negligence, or wrongful act on the part of a county, its officers, agents, servants, or employees." See N.Y. County Law § 52(1) ("Every action under such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law."); N.Y. Gen. Mun. Law § 50-i(1)(c) ("No action shall be prosecuted . . . unless . . . the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."). Although, in the Dec. 21 Order, the court stated that claims under Exec. Law § 296 against non-county defendants such as Tisch and Murphy are not subject to the shortened limitations period of one year and ninety days (see Dec. 21 Order at 12), the court agrees with Defendants that New York County Law § 52(1) by its terms applies not only to a county but also to its "officers, agents, servants, or employees." Therefore the shortened limitations period of one year and ninety days applies also to Tisch and Murphy. See also Pustilnik v. Hynes, No. 99-CV-4087 (JG), 2000 WL 914629, at *6-7 (E.D.N.Y. June 27, 2000) (applying New York County Law § 52 to officials of Kings County).

This, however, does not mean that Plaintiff's claim is time-barred because the statute of limitations for a claim filed in a court of law pursuant to Exec. Law § 297(9) may in certain situations be tolled. If a person elects to proceed under Exec. Law § 297(1) and bring an administrative complaint before the NYDHR, such person is generally precluded from thereafter

bringing suit in a court of law under Exec. Law § 297(9). However, under Exec. Law § 297(9), if "the division has dismissed the complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division." A person's "election of remedies" is annulled if, prior to a hearing, the NYDHR, upon such person's request, consents to dismiss the complaint. N.Y. Exec. Law § 297(9). If the division has "dismissed the complaint on the grounds of administrative convenience" or untimeliness, the statute of limitations is tolled during the pendency of the person's complaint before the NYDHR. Henderson v. Van Buren, 15 A.D.3d 980, 981 (2005). On the other hand, if the division has dismissed the complaint "on the grounds that the election of remedies is annulled" — that is, upon the request of the person who filed the administrative complaint — the statute of limitations is not tolled during the complaint's pendency before the NYDHR. N.Y. Exec. Law § 297(9); see Henderson, 15 A.D.3d at 981.

The last discriminatory or retaliatory acts that Plaintiff complains of occurred in December 2002, when Captain Robert Hervan was appointed deputy warden instead of her and when she was moved out of her office and was no longer advised of certain administrative decisions that were taken by her supervisor. (See Dec. 21 Order at 4-5.) Plaintiff filed her administrative complaint with the NYDHR on January 22, 2004. (Defendants' Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, Exhibit E (filed with the court).) Therefore, Plaintiffs' administrative complaint was untimely because it was brought more than a year after the "alleged unlawful discriminatory practice" of which she complained. See Exec. Law § 297(5). This does not mean, however, that Plaintiff's present

Complaint was necessarily untimely when filed because, as described above, the statutes of limitations for administrative complaints filed with the NYHRL and for complaints filed in court are not the same. See Exec. Law § 297(5) (one-year limitations period for administrative complaint); N.Y. C.P.L.R. 214(2) (providing generally for a three-year period for action in court).

Defendants claim, however, that Plaintiff's present Complaint is untimely because it was dismissed upon her request, or, using the statutory language, "on the grounds that the election of remedies is annulled." (Def. Mem. at 3); see Exec. Law § 297(9). If so, Plaintiff's present claim under Exec. Law § 296 would be untimely, since her Complaint in this action was filed on January 20, 2006, (see Complaint (Docket Entry # 1)), more than one year and ninety days after December 2002, when Defendants' last unlawful discriminatory practice allegedly occurred.

Defendants did not raise this argument in their motion for summary judgment, and therefore it may not be raised in their motion for reconsideration. See supra at 2 (discussing standard of review upon a motion of reconsideration). Moreover, Defendants have pointed to no evidence in the record to support their claim that Plaintiff's administrative complaint was dismissed upon her request.[1] If Plaintiff's administrative complaint had been dismissed for untimeliness or administrative convenience, the other reasons set forth in Exec. Law § 297(9), the statute of limitations would have been tolled during the pendency of Plaintiff's administrative complaint and her present Complaint would have been timely. Because Defendants did not raise this argument in their motion for summary judgment, and because in any case they have not

---

[1] Defendants' motion for reconsideration is, with one exception not relevant here, devoid of references to the record. (See Def. Mem.)

provided the necessary factual record to support it, Defendants' motion for reconsideration of the court's denial of their motion to dismiss Plaintiff's claim under Exec. Law § 296 is DENIED.

B.  Plaintiff's Claim Under the Bellows Consent Decree

In their motion for reconsideration, Defendants argue that Plaintiff's claim based on the Bellows consent decree is untimely and that the consent decree provides no remedy as to Plaintiff. Defendants note in their motion that the "County renews and refers the Court to the substantive arguments of the Defendant's Summary Judgment Motion on this point." (Def. R. M. at 5.) The court has been unable to find any such substantive arguments in the Defendants' summary judgment motion. (See Defendants' Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 (Docket Entry # 31).)

In fact, this is to the court's knowledge the first time that the Defendants have raised any arguments with respect to Plaintiff's claim based on the Bellows consent decree. On a motion for reconsideration under Local Civil Rule 6.3, the court may not consider arguments that were not previously made. See supra at 2. Defendants' argument is therefore untimely.

## III. CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiff's motion for reconsideration, DENIES Defendants' motion for reconsideration, and VACATES the Dec. 21 Order to the extent that it dismissed Plaintiff's claim under Exec. Law § 296 against County. Plaintiff may therefore proceed against all Defendants for violations of Exec. Law § 296 and of the <u>Bellows</u> consent decree.

SO ORDERED.

Dated: March 4, 2008
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge