UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HELEN GESLAK,

**MEMORANDUM & ORDER**

06-CV-251

Plaintiff,

-against-

SUFFOLK COUNTY, SHERIFF ALFRED
TISCH, in his official capacity, and
THOMAS MURPHY,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendants have filed a motion in limine to prevent the introduction at trial of a consent decree entered in Bellows v. Suffolk County, CV-80-2643 (JBW) ("Bellows") on April 27, 1984, and to prevent Plaintiff from pursuing a cause of action based upon the decree. For the reasons stated below, the court finds that Plaintiff may not pursue a claim for a violation of the decree, and that the decree may not be admitted at trial.

## I. Factual Background

Plaintiff is a correction officer employed by Defendant Suffolk County ("County") and supervised by Defendants Sheriff Alfred C. Tisch ("Tisch") and Thomas Murphy ("Murphy" and, collectively with Tisch and County, "Defendants"). Plaintiff initially brought suit against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), and New York Executive Law ("Exec. Law") § 296, and claiming breach of the consent decree issued in Bellows. In her Complaint, filed January 20, 2006,

Plaintiff alleged that she was a member of the staff of the Suffolk County Detention Center, and that she was denied promotions due to discrimination and subjected to a hostile work environment by Defendants from 1999 through the present. Specifically, Plaintiff alleged that although she was qualified for the position of deputy warden by 1999, she was passed up repeatedly for a promotion in favor of male candidates. Plaintiff also alleged that Defendant Murphy subjected her to sexually demeaning workplace behavior in the workplace on a daily basis since 2002.

By Orders dated December 21, 2007 and March 4, 2008, the court granted summary judgment to all Defendants on Plaintiff's claims under Title VII and § 1983, on the grounds of untimeliness. The court denied Defendants' motion for summary judgment on Plaintiff's claim under Exec. Law § 296. Defendants did not move for summary judgment on Plaintiff's claim that they had violated the Bellows consent decree.

## II. The Bellows Consent Decree

In 1982, Defendant County entered into the Bellows consent decree. The consent decree states that the plaintiff-class alleged that "Defendants are engaging in a pattern and practice of discrimination against women with respect to employment opportunities in the Suffolk County Correctional Facility." (Consent Decree (Docket Entry # 67 Ex. D) at 1.) As part of the decree, Defendants and their successors agreed not to "engage in any act or practice which has the purpose or effect of unlawfully discriminating against any female correction officer in the Suffolk County Department of Sheriff because of such individual's sex." (Id. at 2.) Also, the Defendants agreed:

> that all training, compensation, promotional practices, job classifications and assignments, working conditions, transfers, application of seniority and all other terms, conditions and privileges of employment with the Suffolk County

> Department of Sheriff shall be maintained and conducted in a manner which does not unlawfully discriminate on the basis of sex.

(Id. at 3.) The consent decree also contained a section relating to the examinations administered for correction officers and the promotions that could be made based on the results of those examinations, and required that the Defendants "abolish all sex designations in the titles of correction officers." (Id. at 3-5.)

The consent decree required the Defendants to "retain for a period of three (3) years any records relating to the promotion, training, assignment and discipline of correction officers, identified by sex of applicant." (Id. at 6.) It also provided that "[a]t any time after three (3) years from the date of entry of this Decree, any party may, on due notice, move this Court for a dissolution of this Decree upon a showing that the objectives of the Decree have been achieved." (Id. at 8-9.)

### III. Whether Plaintiff Can Pursue a Cause of Action Based Upon the Consent Decree

"Although consent decrees are judicial orders, they are also agreements between parties that should be construed basically as contracts. We read and apply a decree within its four corners and may not look beyond the document to satisfy one of the parties' purposes." EEOC v. New York Times Co., 196 F.3d 72, 78 (2d Cir. 1999). Here, without looking beyond the consent decree, the court finds that Plaintiff's claims, involving individual grievances against Defendants, do not fall within its scope. Instead, the court finds that the consent decree was intended to remedy system-wide discrimination against women. The decree, for example, included a requirement that County maintain only one list of examination results, not one list for males and one list for females. (Consent Decree at 3.) As described above, the decree also required the abolishment of sex designations in the titles of correction officers. Moreover, the decree provided that it could be dissolved at any time after three years from the date of entry of

the decree. Although the decree was never dissolved, the possibility of dissolution after three years indicates that the intent of the parties was to modify certain system-wide discriminatory promotion and assignment practices. The court finds that, in spite of the broad language in the decree that prohibits County from engaging "in any act or practice which has the purpose or effect of unlawfully discriminating against any female correction officer," the intent of the parties to the decree was not to provide an independent basis upon which any woman could sue County for a violation of her civil rights. Instead, their intent was to stop certain identifiable practices of County in the 1980s, which are not at issue in this litigation. See New York Times Co., 196 F.3d at 78 (court's goal is to enforce "the express agreement of the parties"). Because Plaintiff's claim has nothing to do with system-wide discriminatory policies of Defendant, Plaintiff may not bring a claim under Bellows.

### IV. Whether Plaintiff Can Introduce the Decree into Evidence

Defendants wish to exclude the Bellows consent decree under Rule 403 of the Federal Rules of Evidence, claiming that its probative value is substantially outweighed by the danger of unfair prejudice. Under Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The Advisory Committee Notes on Rule 403 explain that "'[u]nfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Because the Bellows consent decree is twenty-four years old, and, as discussed above, the conduct complained of in the Bellows consent decree is distinct from the conduct of which Plaintiff complains, the decree is only of limited probative value.[1] On the other hand, the court

---

[1] The court notes that the Bellows consent decree may be probative in order to show that Defendants are aware of their responsibilities under the civil rights laws. If the Defendants argue at trial that they were unaware of these

finds that introducing the decree would present a substantial danger of unfair prejudice. Specifically, the jury might believe that because Defendant County in the past violated the civil rights of women correction officers, it also likely violated the civil rights of Plaintiff. The court therefore excludes the Bellows consent decree under Rule 403. See also Fed. R. Evid. 404(b) (evidence of other acts "not admissible to prove the character of a person in order to show action in conformity therewith"); Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 4.40 (3rd ed. 2007) ("To sum it up, prior acts are broadly excludable in civil cases, and proof of prior acts should be excluded when they are relevant only because they support a propensity inference."); Ricketts v. City of Hartford, 74 F.3d 1397, 1414-15 (2d Cir. 1996) (excluding other citizen's complaint of police brutality against defendant, where behavior involved in the complaint was dissimilar to the conduct at issue in the lawsuit).

### V. Conclusion

For the reasons described above, Plaintiff may not bring a claim under the Bellows consent decree. The Bellows consent decree is also excluded from trial under Rule 403.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>October 23, 2008 | _/s Nicholas G. Garaufis____<br>NICHOLAS G. GARAUFIS<br>United States District Judge |

---

responsibilities, the court will reconsider the ruling made here. See Brady v. Wal-Mart Stores Inc., 531 F.3d 127 (2d Cir. 2008) (holding that district court did not abuse its discretion in admitting consent decree to show familiarity by defendant with its legal obligations).